FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA M.,[1]<br>        Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[2]<br>        Defendant. | No. 4:19-cv-05129-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR REMAND<br><br>ECF Nos. 14, 21 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

Before the Court are the parties' cross-motions. ECF Nos. 14, 21. The parties consented to proceed before a magistrate judge. ECF No. 5. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 14, and denies Defendant's motion, ECF No. 21.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the

ORDER - 4

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not

disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On August 12, 2015, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of January 12, 2012.[3] Tr. 203, 304-05. The application was denied initially and on reconsideration. Tr. 207-13; Tr. 215-19. Plaintiff appeared before an administrative law judge (ALJ) on February 6, 2018. Tr. 75-111. On April 3, 2018, the ALJ denied Plaintiff's claim. Tr. 47-71.

---

[3] Plaintiff previously applied for Title II and Title IX benefits; the prior applications were denied by an ALJ on January 11, 2012. Tr. 112-35. On April 26, 2013, the Appeals Council denied review of the ALJ's decision. Tr. 136-43.

ORDER - 6

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2014, has not engaged in substantial gainful activity since January 12, 2012. Tr. 56. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia, sacroiliitis, lumbar degenerative disc disease, ankylosing spondylitis, obesity, depressive disorder, post-traumatic stress disorder (PTSD), and panic disorder with agoraphobia. Tr. 56.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 57. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff can] never climb ladders, ropes, or scaffolds; never crawl; occasionally climb ramps and stairs; occasionally stoop, kneel, and crouch; no requirement of fine hearing capabilities; avoid all exposure to extreme cold, excessive vibrations, and hazards such as dangerous moving machinery and unprotected heights; limited to simple routine tasks defined as GED level 2; she can participate in only simple English language; and can only [sic] occasional changes in the work setting.

Tr. 59.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 63. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff

ORDER - 7

could perform, such as housekeeper/cleaner, cafeteria attendant, and bottle packer. Tr. 64. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of January 12, 2012, though the date last insured, December 31, 2014. Tr. 65.

On March 25, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-8, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for review:

    1. Whether the ALJ properly evaluated the medical opinion evidence;

    2. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

    3. Whether the ALJ conducted a proper step-three analysis.

ECF No. 14 at 2.

## DISCUSSION

### A. Conceded Errors

Plaintiff contends the ALJ improperly weighed the opinions of Patrick Reilly, Ph.D., Patricia Huizar, M.S.P., J. Chad Byrd, M.D., Ph.D., Laurie Zimmerman, M.D., and Harvey Alpern, M.D., FACC, FAADEP, who opined

Plaintiff equals a listing. ECF No. 14 at 4-15, 20-21; *see* Tr. 89, 1074-79, 1080-85, 1155-58. Plaintiff also contends the ALJ improperly rejected her symptom claims. ECF No. 14 at 15-20. Defendant concedes the ALJ committed reversible error in evaluating the opinion evidence, Plaintiff's symptom claims, and whether Plaintiff meets or equals the criteria of a listing. ECF No. 21 at 2, 4.

Accordingly, in light of the ALJ's errors, the sole question before the Court is the proper remedy.

**B. Remand Standard**

Plaintiff argues her symptoms claims and the medical opinions should be credited as true and the case should be remanded for an immediate calculation of benefits. ECF No. 14 at 9, 12, 15, 20-21. Defendant argues the case should be remanded for further administrative proceedings. ECF No. 21 at 2.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

ORDER - 9

775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

*1. Completeness of the Record*

As to the first element, administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), or the "presentation of further evidence ... may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12,

18 (2002). *Cf. Nguyen v. Chater*, 100 F.3d 1462, 1466–67 (9th Cir. 1996) (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill v. Shalala*, 12 F.3d 915, 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same).

Here, the record is sufficiently developed. It contains significant evidence dating from 2012 through the date last insured and records from multiple treating providers (both physical and mental health physicians, therapists, and specialists). The record also contains multiple questionnaires and function reports completed by Plaintiff, with assistance, as well as testimony from an administrative hearing, including from Plaintiff and Dr. Alpern, the medical expert called to testify at the hearing.

Defendant contends the Court should remand this case for further proceedings because there are outstanding evidentiary issues. ECF No. 21 at 4. Defendant argues there are conflicts in the medical evidence and ambiguities requiring resolution by the ALJ. *Id.* at 5. However, Defendant points to only a single conflict in the medical evidence, citing to the ALJ's finding that Plaintiff's mental status exam at the consultative exam performed by Dr. Reilly was

inconsistent with Plaintiff's presentation to medical providers. *Id.* at 5-6 (citing Tr. 61, 1075-76).

The ALJ noted Plaintiff's mental status at Dr. Reilly's exam was "somewhat inconsistent" with her presentation to treating providers. Tr. 61. The ALJ reasoned that while Plaintiff demonstrated deficits in recent and immediate memory, as well as her ability to perform multi-step tasks, she could perform four digits forward and two backward, name three past presidents, follow the conversation and had normal thoughts and speech. *Id.* However, at the exam, Plaintiff was restless and had a depressed and constricted affect. Tr. 1076. Plaintiff could not recall any of three items after a short delay and could recite only eleven out of twelve months of the year. Tr. 1077. Plaintiff could not engage in abstract thinking, perform serial sevens, spell "world" forward or backward, perform a three-step task, nor identify the direction the sun sets, and stated if she were to smell smoke in a movie theatre she would just "leave." *Id.*

While the ALJ cites to Plaintiff's ability to perform four digits forward and two digits backward as evidence Plaintiff's exam was inconsistent with other exams, Dr. Reilly opined Plaintiff has "moderate to notable deficits" in her ability to perform digit spanning sequences, indicating the result was abnormal. Tr. 61, 1079. Based on the exam and review of records, Dr. Reilly opined Plaintiff had a "fair" prognosis, cannot manage funds independently, and has "moderate to

ORDER - 12

notable deficits" in abstract thinking, memory, sequencing, mental rotation, multi-step directions, activities of daily living, social functioning and task persistence. Tr. 1078-79.  Given the exam results and Dr. Reilly's opinion, there is no indication the exam is inconsistent with Plaintiff's presentation to treating providers.  Defendant does not cite to any other conflicting medical evidence.

Next, while Defendant concedes the ALJ's analysis of Plaintiff's symptom complaints was flawed, Defendant contends Plaintiff's allegations are inconsistent with her activities, including travel to Mexico and California, engaging in hobbies and caring for her child.  ECF No. 21 at 6-7.  Defendant argues the case should be remanded for further proceedings to resolve the inconsistency.  *Id.*  The records demonstrate Plaintiff took a trip to California, Tr. 669, she planned to take a trip to Mexico to see a dying family member, Tr. 489, she reported working on her garden when doing well, Tr. 515, and reported caring for her daughter though struggling with her pain and fatigue, Tr. 518.  Plaintiff also reported her husband, friends and children help take care of her and help with household tasks and shopping, and she has a caregiver who assists with her son's care.  Tr. 93, 98-99, 338-39.  There is no indication Plaintiff's travel, gardening, or caring for her daughter with assistance, requires a time commitment or strenuous tasks that are clearly inconsistent with her allegations.  Plaintiff's ability to take two trips during the three-year relevant

ORDER - 13

adjudicative period, and to complete activities with significant assistance from others, does not demonstrate conflicts requiring remand for additional proceedings.

Next, Defendant argues the case should be remanded for further proceedings to give the ALJ the opportunity to consider Listing 14.09D. ECF No. 21 at 7. Defendant argues the ALJ recited the criteria for Listing 14.09A, 14.09B, and 14.09C but did not list Listing 14.09D and thus did not consider it, though Dr. Alpern testified Plaintiff equaled Listing 14.09D. *Id.* However, the ALJ stated "all applicable listings, including but not limited to 1.02, 1.04, and 14.09" were considered. Tr. 57. Later in the decision, the ALJ gave partial weight to Dr. Alpern's opinion, stating his opinion that Plaintiff equals Listing 14.09 is not supported by the evidence. Tr. 63. Defendant concedes the ALJ improperly addressed Dr. Alpern's opinion. ECF No. 21 at 7. There is no argument that Dr. Alpern's opinion is ambiguous, nor conflicts with other evidence. Further, there are other disabling opinions in file that the ALJ improperly addressed. As such, a remand for further proceedings to consider Dr. Alpern's opinion would serve no useful purpose.

Next, Defendant argues the case should be remanded for further proceedings for the ALJ to fully address whether Plaintiff has proven changed circumstances, as required under *Chavez*. ECF No. 21 at 7-9 (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). However, the ALJ discussed the fact that Plaintiff had an

ORDER - 14

increase in the severity of her impairments and now suffers from additional impairments not considered in the prior decision, and therefore Plaintiff had demonstrated changed circumstances significant enough to rebut the presumption of continuing non-disability. Tr. 53-54. The ALJ acknowledged that certain prior findings, including Plaintiff's RFC, must be adopted unless there is new and material evidence, or a change in the laws, regulations, or rulings, effecting the findings. Tr. 54.

      Defendant argues the case should be remanded because the ALJ did not explain why he did not adopt the prior RFC nor why the prior RFC is more restrictive than the current RFC. ECF No. 21 at 8-9. Although the prior RFC includes restrictions not adopted in the current RFC, the ALJ added additional limitations to the current RFC, including limitations to GED level 2 work, work requiring only simple English, and only occasional changes in the work setting. Tr. 59, 123-24. While the ALJ did not explicitly state the prior RFC was not adopted because new and material evidence effected the findings, his discussion of the evidence make it clear that is the case. The record contains over 1400 pages of medical records, with the majority of the records dated after the prior decision. Tr. 408-1854. The ALJ considered Plaintiff's medical treatment, the multiple medical opinions rendered after the prior decision and Plaintiff's testimony. Tr. 56-63. As

the ALJ found *res judicata* did not apply, and new and material evidence exists, a remand to further consider the application of *res judicata* is unnecessary.

The Court concludes the record is fully developed and further administrative proceedings would serve no useful purpose. The first prong of the credit-as-true rule is met.

*2. ALJ Error*

As noted above, Defendant concedes the ALJ failed to provide adequate reasons for rejecting the medical opinions and Plaintiff's symptom claims, therefore the second prong of the credit-as-true rule is met.

*3. Crediting as True Demonstrates Disability*

The third prong of the credit-as-true rule is satisfied because if Dr. Alpern's expert medical testimony was credited as true, the ALJ would be required to find Plaintiff disabled on remand, as Plaintiff would meet the criteria for or functionally equal the severity of Listing 14.09D. *See Holden v. Berryhill*, 731 Fed.Appx. 606, 609 (9th Cir. 2018) (remanding for an immediate award of benefits after crediting expert medical testimony). Additionally, if the opinions of Dr. Byrd or Dr. Zimmerman were credited as true, the ALJ would be required to find Plaintiff disabled on remand. Dr. Byrd and Dr. Zimmerman opined Plaintiff would miss four or more days of work per month, among other limitations. Tr. 1084-85, 1157. The vocational expert testified that an individual who would miss three or more

ORDER - 16

days in a month is not competitively employable. Tr. 106. Dr. Zimmerman also opined Plaintiff would be off-task more than 30 percent of the time. Tr. 1157. The vocational expert testified someone who would be off task and unable to complete work tasks 20 to 33 percent of the time would not be competitively employable. Tr. 107-08.

*4. Serious Doubt*

Finally, the record as a whole does not leave serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1021. Defendant argues serious doubt remains but does not offer any persuasive arguments. ECF No. 21 at 5. Plaintiff's physical and mental impairments and their serious effects on her functionality are well documented in the records, opinion evidence, and Plaintiff's statements, which were extensively and accurately discussed in Plaintiff's Motion prompting Defendant's concession of error. ECF No. 14. Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler*, 775 F.3d at 1100 (internal citations omitted). In *Vasquez*, the Ninth Circuit exercised its discretion and applied the "credit as true" doctrine because of the claimant's advanced age and "severe delay" of seven years in her application. *Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009). Here, the delay of over

ORDER - 17

four years from the date of the application make it appropriate for this Court to use its discretion and apply the "credit as true" doctrine pursuant to Ninth Circuit precedent.

The Court therefore reverses and remands to the ALJ for the calculation and award of benefits.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Andrew M. Saul as the Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

3. Defendant's Motion for Remand, **ECF No. 21**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

ORDER - 18

DATED February 24, 2020.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 19